## Jurkowitz's Estate

*J. Julius Levy*, for petitioner.

*Jerome I. Myers*, for respondents.

MURPHY, P. J., July 2, 1947.—A petition to obtain possession of real estate sold at partition sale was presented by Arthur Z. Jurkowitz, one of the purchasers, at the judicial sale in said partition, and filed May 14, 1947. Citation was issued thereon. A motion to quash said petition, and dismiss said citation, was filed by Philip Jurkowitz, hereinafter referred to as respondent.

Arthur Z. Jurkowitz, petitioner, filed said petition and caused to be issued a citation to Philip Jurkowitz, or such other person or persons as shall be found in possession of a certain piece or parcel of real estate, situated in the Eighth Ward of the City of Scranton, referred to in said petition as being Lot No. 15 in Block 35, and situated on Franklin Avenue, on L. I. & C. Company's Plot of Scranton, commanding them to show cause, if any they have, why possession of said real estate, herebefore described, should not be delivered to Arthur Z. Jurkowitz, Estelle Jurkowitz Finkelstein, Alvin D. Finkelstein, Monroe Jurkowitz, and Mitzie Jurkowitz, a minor, by her guardian and next friend, Dr. Harry Mittelman, all the successful bidders at previously mentioned partition sale. Returnable May 29, 1947.

Respondent, in his motion to quash, sets forth four reasons. The first reason, to wit, "that the petition is vague, ambiguous, sets forth conclusions and fails to set forth a cause of action" is not well taken. Respondent, in his first reason, does not set forth in what manner the petition is vague, ambiguous, and what conclusions are alleged, and wherein said petition fails to set forth a cause of action. Therefore, respondent's first reason is itself vague and indefinite, and is hereby dismissed.

Respondent's second reason, to wit, "that paragraph second of the petition sets forth conclusions and is vague, ambiguous and fails to set forth the order of court of March 21, 1947" is not well taken. Said paragraph two of petitioner's petition, together with the succeeding paragraphs, reveals the various actions taken by the court and the trustee, perhaps not in toto, but are sufficiently set forth to allow a citation to issue and require respondent to answer. To require a pleader to set forth all proceedings in partition, especially where same are filed and are a matter of record,

would result in voluminous records and files, wherein one is a duplicate or repetition of another. To insist on this would be resorting to dilatory and highly technical objections that would only result in delaying and denying justice. Therefore, respondent's second reason is hereby dismissed.

Respondent's third reason, to wit, "that nowhere in the petition is there any allegation that the bid, which was made on behalf of petitioner, Arthur Z. Jurkowitz, and others, was complied with and that the money was paid for the property in question" is not well taken. Paragraphs third and fourth of petitioner's petition, to wit: Third: "That thereafter on the 22nd day of April, 1947, the said Millie Jurkowitz, Estelle Jurkowitz Finkelstein, Alvin D. Finkelstein, Arthur Z. Jurkowitz, Monroe Jurkowitz, and Mitzie Jurkowitz, a minor by her guardian and next friend, Dr. Harry Mittelman, a directive duly filed directed the trustee in partition, Arthur J. Lavelle, to apply their respective distributive shares of the proceeds of the said sale towards the purchase price, and authorized and directed him to convey the said premises described in the partition for citation to their duly appointed nominee, Arthur Z. Jurkowitz, petitioner herein", and fourth: "That on the 30th day of April, 1947, Arthur J. Lavelle, Esquire, duly appointed trustee in partition, executed, acknowledged and delivered a deed for the premises hereinbefore described to your petitioner, which deed was filed of record on the 30th day of April, 1947, and recorded in the Recorder of Deeds Office in and for Lackawanna County in Deed Book 474, Page 55," definitely show that the bid was complied with, a deed delivered, and said deed recorded in the recorder of deeds office. Therefore, respondent's third reason is dismissed.

Respondent's fourth reason, to wit, "that the petition for citation was sworn to by petitioner before counsel for petitioner, and that the said affidavit taken before

counsel, also a notary public, violated Rule 1, sec. 3, of the Orphans' Court Rules of the Supreme Court, and Rule 9 of the Pennsylvania Equity Rules, and since the allegations sworn to were not a matter of record only" has merit.

Rule 1, sec. 3 of the Orphans' Court Rules, as adopted by the Supreme Court of Pennsylvania (345 Pa., p. 1x) is as follows: "Except where otherwise provided by a rule adopted by the Supreme Court or by an Act of Assembly, the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas."

Rule 9 of the Pennsylvania Equity Rules titled Affidavit—Interested Party or Attorney, is as follows: "All pleadings and amendments thereto, and all petitions not founded on matters of record only, must be sworn to before some person other than a party or attorney interested in the cause."

Since the Act of May 28, 1913, P. L. 358, all bills and answers in equity must be sworn to, and the Act of 1913, supra, and its amendments, together with rule 9, previously cited, direct that an attorney interested in a legal matter should not act as a notary, unless said pleadings, amendments or petitions are founded on matters of record only. The purpose of these statutes and rules being that the services of an attorney in a legal matter should be purely legal.

In the instant case, the petition was not founded on matters of record only, and Pennsylvania Equity Rule 9 has been violated. However, in Mastri v. Marchesi, 31 Lack. Jur. 96, decided in the Lackawanna County Equity Court, where a bill in equity was verified by plaintiff's affidavit taken by one of his attorneys, who was also a notary public, in violation of Equity Rule 9, previously cited, and after motion to dismiss, petitioner was allowed to amend.

Furthermore, Rule 1, sec. 2 of the Orphans' Court Rules, adopted and promulgated by the Supreme Court

of Pennsylvania, on December 30, 1942, and where the effective date of said rules was the first Monday of July, 1943, provided:

"The rules adopted by the Supreme Court regulating the practice and procedure of the Orphans' Courts of this Commonwealth, and the rules adopted by such courts, shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The Court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."

In the case at bar, the attorney, before whom the petition was sworn to, has withdrawn from the case. The error, that is, the attorney of record also acting as a notary public, does not affect the substantial rights of any of the parties in interest, and respondent could have answered on its merits so that there could be a speedy and inexpensive determination of the issue. However, respondent seeks to take advantage of the error and demands that petitioner strictly adhere to the letter of the law. The error, no doubt, was one of mere oversight and if amended would not serve to extend the time for presenting a similar petition beyond the time limited by statute. Equity Rule 9, supra, interpreted in conjunction with Orphans' Court Rule 1, sec. 2, supra, does not make the terms of the Equity Rule 9 imperative and such an error on the part of counsel ought not to be deemed fatal. To strictly adhere to the letter of the law, as requested in this case, and dismiss the petition would be, in reality, delaying justice, since as previously stated, the substantial rights of all interested parties are in no way affected.

And now, July 2, 1947, this court seeing no reason why, under the circumstances, petitioner should not be permitted to amend his petition to conform with

said Rule 9 of the Pennsylvania Equity Rules, hereby directs said petitioner to so amend his petition within 15 days to conform with said Equity Rule 9. In the event said petitioner fails to amend, within 15 days from this date, respondent's motion to dismiss is sustained.